1983 NE

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

FILED
2020 DEC 16 A 11: 21
U.S. DISTRICT COURT
N.D. OF ALABAMA

Frederick D Jones
*Plaintiff*
(Write your full name. No more than one plaintiff may be named in a complaint.)

-v-

See Attached

Kim, Willingham, Board of Pardon & Paroles
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)

Case No. 5:20-CV-2022-LSC-SGC
*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

1

I. **The Parties to this Complaint**

A. **The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

Name: Frederick D Jones
All other names by which you have been known: 157783
ID Number:
Current Institution: Morgan County Jail
Address: 119 Lee street NE
Decatur     AL     35601
City        State  Zip Code

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Kim Willingham
Job or Title (if known): Parole hearing officer
Shield Number:
Employer: Ala Board of Parole and Pardons
Address: P.O. 668, Decatur AL 35601
Decatur     AL     35601
City        State  Zip Code

☑ Individual Capacity   ☑ Official Capacity

Defendant No. 2

Name: Alabama Board of Pardons and Parole
Job or Title (if known):
Shield Number:
Employer: Alabama Board of Pardons and Parole
Address: P.O. Box 302405
Montgomery  AL     36130
City        State  Zip Code

☐ Individual Capacity   ☑ Official Capacity

2

Defendant No. 3

    Name: Terry Anthony

    Job or Title *(if known)*: Assistant Director, Field Services

    Shield Number:

    Employer: Bureau of Pardons and Paroles

    Address: 100 Capitol Commerce Blvd. Suite 310

    City: Montgomery  State: AL  Zip Code: 36117

    ☑ Individual Capacity  ☑ Official Capacity

Defendant No. 4

    Name:

    Job or Title *(if known)*:

    Shield Number:

    Employer:

    Address:

    City:  State:  Zip Code:

    ☐ Individual Capacity  ☐ Official Capacity

**II.  Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

    A.  Are you bringing suit against *(check all that apply)*:

        ☐ Federal officials (a *Bivens* claim)

        ☑ State or local officials (a § 1983 claim)

    B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    denial of due process

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

_____

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other _____
*(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Decatur Field Office, Sept 16, 2020

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

Kilby Prison, Sept 1, 2020

## Attached Facts

On March 26, 2020, plaintiff arrived at Kilby Prison, awaiting a parole revocation hearing. Shortly after arriving at Kilby plaintiff wrote the institutional parole officer informing him that he needed to be placed on the list for a revocation hearing. After several weeks pasted and nothing happened, plaintiff had his daughter to call the parole board and find out why his hearing has not taken place. They complained about COVID-19. Though the law allows the board to video hearings, they chose not to. The prison had several video conferences for numerous reasons.

After researching and contacting several different agencies, plaintiff file a writ of Certoari and writ of habeas corpus to the Montgomery Circuit Court. On August 27, 2020 Warden Calloway, at Kilby prison recieved via Email Transmission to release plaintiff back to parole supervision. On or about August 28, 2020 Terry Anthony tried to force plaintiff to parole to a hotel in Decatur, Alabama, which is illegal. Though on September 1, 2020 when prison officials asked where plaintiff would be living, he gave them the address of 3028 Gudgel Road. Louisville, Ky 40211, this address is on the bus ticket that the prison gave plaintiff. Terry Anthony illegally scheduled a revocation hearing for September 16, 2020 in Decatur, Alabama. Code of Alabama Section 15-22-32(A) states that if a hearing has not taken place within 20 business day the parolee shall be released back to parole supervision. A new law went in effect March 19, 2020, but plaintiff was in custody for Alabama parole board before that date, so section 15-22-32(A) applies to his case.

On September 16, 2020 plaintiff reported to the illegal hearing and his parole was violated for 3 years, by Kim Willingham. Plaintiff was held for 171 days before his release, when the board was fully aware of his 20 business days had exspired. There was no excuse except for them not caring for doing there required job. Because plaintiff filed against the board and forced them to release him, they scheduled an illegal hearing and violated his parole.

C. What date and approximate time did the events giving rise to your claim(s) occur?

Sept. 1, 2020 and Sept. 16, 2020

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

Had to be placed on mental health medication

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1,000 dollars for every day that I've been illegally detained. From March 13, 2020 - Sept 1, 2020 and from Sept 16, 2020 - Dec 1, 2020 and however more days that Im incarcerated. totalling 246,000 dollars

5

VII.  **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No            N/A

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know       N/A

If yes, which claim(s)?

_____

_____

6

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No        N/A

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No        N/A

E. If you did file a grievance:

1. Where did you file the grievance?

   _____

2. What did you claim in your grievance?    N/A

3. What was the result, if any?    N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____
   _____
   _____   N/A
   _____
   _____
   _____

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   _It's not a grievance matter_

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _Alabama Board of Pardons and Parole_

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes

☑ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

8

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

  ☐ Yes

  ☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

  1.  Parties to the previous lawsuit

      Plaintiff(s) _____

      Defendant(s) _____

  2.  Court *(if federal court, name the district; if state court, name the county and State)*

      _____

  3.  Docket or index number

      _____

  4.  Name of Judge assigned to your case

      _____

  5.  Approximate date of filing lawsuit

      _____

  6.  Is the case still pending?

      ☐ Yes

      ☐ No

  If no, give the approximate date of disposition. _____

  7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

      _____

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Printed Name of Plaintiff: Frederick D Jones
Prison Identification #: 157783
Prison Address: 119 Lee Street NE
Decatur, AL 35601
City / State / Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12-1-2020
(Date)

_Frederick D Jones_
Signature of Plaintiff

10



Birmingham, AL P&DC 352
MON 14 DEC 2020  PM

U.S. District Court
Clerks Office
Hugo L. Black Courthouse
1729 - 5th Avenue North
Birmingham, Alabama 35203-2040

...erick D Jones D-4
...gan County Jail
...Lee Street NE
...tur, AL 35601

SECURITY
DEC 16 2020
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABA...