In The United States District Court,
The Middle District of Alabama
Northen Division

2024 DEC -6 A 11:47

Frederick D Jones 157283 )
Plaintiff )
) Case No. 2:23-cv-165-Ecm-sm
V. )
Rolanda Calloway )

Response To Defendants Answer To Complaint.

1. The Defendant stated on page 3 of her answer that she started working at Kilby on May 1, 2020, and that it wasn't her responsibility to alert Alabama Pardons and Paroles of my arrest.
When Plaintiff brought this fact to her attention during one of her walk throughs, it became her responsibility because she was at that time the head of Kilby prison.
15-22 32(a) states as follow that the department of Corrections, after recieving notice on a parolee being held, shall promptly notify the board.
Plaintiff and several other inmates advised Warden Calloway of their situation

of not having a revocation hearing within the allowed time period, her response was due to COVID-19 nothing will be done. This violates plaintiffs rights, because no matter whether the parole board or witnesses were allowed on the grounds of Kilby, plaintiff was by law to be released and a hearing held elsewhere. By doing nothing until September 1, 2020, clearly violated plaintiffs rights.

2. Defendant Calloway clearly states that she works for the Department of Corrections, and that she was at that time the head of Kilby prison. The parole board admitted to the court that the prison never timely notified them of plaintiffs stay, and the defendant admitts that it wasn't her job. Either the parole board or this defendant is at fault, and from both responses and code of Alabama 15-22 32(a) the records and law shows that Defendant Calloway is responsible for plaintiffs unnecessary detention at Kilby prison.

3. Plaintiff sued defendant Calloway under

her official and individual ~~capacity~~ capacity. Plaintiffs argues deliberate indifference to his due process rights. Plaintiff advised Warden Calloway of his illegal detention and the law, but this defendant said to plaintiff and other prisoners that due to COVID-19 nothing would be done. NO law was passed or existed that stopped plaintiff from being released due to COVID-19. Furthermore other prisoners where being released because of COVID-19.

This was a clear act of deliberate indifference, cruel and unusal punishment, violation of due process, false imprisonment

This defendant was fully aware of plaintiff's detention beyond the 20 business days, but insisted that nothing would be done because of COVID-19, Alabama laws does not permit this, plaintiff should have been released and would have been released had this Defendant contacted the parole board as required by law.

9. Plaintiff notified the defendant of his detention, Plaintiff notified the defendant that he had not had a revocation hearing within the allowed time.

Plaintiff, then sent a letter to the parole board, whether they received it or not, plaintiff don't know. What plaintiff knows is that the warden was fully aware of his situation and decided to do nothing because she said that COVID-19 over ruled everything.

5. Plaintiff Jones alleged every issue and fact against the parole board, the warden, the parole officers and anybody else that had knowledge. The Northern District Court in Birmingham Alabama, dismissed this civil action against everyone except this defendant because the parole alleged that the warden failed to timely notify them of plaintiffs detention. Everything that happen after this defendants failure to timely notify the board was caused due to her denial of due process to plaintiff.

6. The defendant confuses plaintiff argument with other cases, plaintiff was transported to Kilby prison from Indiana, it was the wardens responsibility to notify the parole board of his arrival, then the 20 business days begins. This is because no one knows when plaintiff would arrive

in their custody, for ~~security~~ serrurity reasons

7. The defendant lied in her affidavit, when she stated that Terry Anthony never contacted her about Plaintiffs release, this Courts records has a exhibit showing an E-mail from Terry Anthony to Warden Galloway to release plaintiff. Plaintiff filed this exhibit the the other Astact Court before this case was transferred to the Court.

8. Plaintiff avers that the Parole Board and Kilby prison were (beefing) with one another, because Kilby would not let them hold hearing there. Due to this they both did nothing about the prisoners that was being held, awaiting a revocation hearing. Clearly a deliberate act of indifference toward plaintiff and the other prisoners that was being held.

11-29-24

Respectfully Submitted

Frederick Jones

Certificate of Service

I hereby certify that I placed a copy of the same in the mail, postage prepaid to the attorney for the defendants at 501 Washington Avenue, Montgomery AL, 36130 on this 29th day of November 2024

Frederick Jones